## Guaranty by Corporate Trustees.

*Corporations—Corporate trustees—Guaranteeing mortgages—Compensation—Acts of June 7, 1917, and May 2, 1919.*

1. A corporate trustee is not authorized, under the Acts of June 7, 1917, P. L. 447, and May 2, 1919, P. L. 114, to pay to itself a percentage per annum upon the principal of a mortgage or other security, constituting an investment of a trust estate, as compensation for a guaranty by it of the payment of the principal and interest of such mortgage or security.

2. Such acts apply only to companies other than the corporate trustee acting for the particular estate.

Department of Justice. Opinion to Hon. Peter G. Cameron, Secretary of Banking.

WAGNER, Dep. Att'y-Gen., Sept. 22, 1927.—You have requested that you be advised whether a corporate trustee is authorized by the provisions of section 41 *(b)* of the Fiduciaries Act of 1917 (June 7, 1917, P. L. 447), as amended by the Act of May 2, 1919, P. L. 114, to pay to itself, not exceeding one-half of 1 per cent. per annum upon the principal of any mortgage or other security constituting an investment of a trust estate of which it is trustee, as compensation for the guaranty by it of the payment of the principal and interest of such mortgage or other security.

The section referred to above reads as follows: "Any fiduciary required by law, by the order of any Orphans' Court, or by the provisions of any last will and testament under or by authority of which such fiduciary is acting, to invest funds within his control in mortgages or other securities, may include, as a part of the lawful expense of executing his trust, a reasonable sum paid to a company, authorized under the laws of this State so to do, for guaranteeing the payment of the principal and interest of such mortgage or other securities, not exceeding one-half of 1 per centum per annum upon the principal of such mortgage or other securities."

It is our opinion that the purpose of the above section was to authorize the guaranty of the payment of the principal and interest of mortgages and other securities constituting investments of trust estates only by companies other than the corporate trustee acting for the particular estate. To permit a corporate trustee to make such a guaranty and to receive compensation therefor would empower it to profit in excess of the compensation paid to it for the administration of the trust, and would result, in all probability, in much unnecessary guaranteeing of the investments of trust funds. It was not the purpose or intent of the legislature to legalize such a practice.

From C. P. Addams, Harrisburg, Pa.